## DANIEL BARRY *vs.* JOHN RYAN & another.

The testimony of an attorney by whom a lease is executed on the part of the lessor in
the presence of an attesting witness is inadmissible for the lessor to prove the lease,
without producing the witness, or accounting for his absence.

The plaintiff in a landlord and tenant process cannot, after producing a written lease, the
formal execution of which he fails to prove, maintain his action on parol proof of
possession and payment of rent.

ACTION on the Rev. Sts. *c.* 104 to recover possession of a
cellar in Lowell. At the trial in the court of common pleas,
before *Perkins*, J., the plaintiff proved his title in the premises,
and offered in evidence a lease, not under seal, executed by an
attorney in behalf of those under whom the plaintiff claimed
title, to the defendant; and called the attorney to prove his own
signature. But as the lease was executed in the presence of
a subscribing witness, who was not called, nor any reason given
for his absence, the defendant objected to this mode of proving
its execution, and the judge sustained the objection.

The plaintiff then stated that the lease was signed by said
attorney only, and not by the defendant, and was not therefore
binding on the plaintiff; and offered to prove, by said attorney,
that the defendant had occupied the premises, and paid rent

therefor. It did not appear that there was not a counterpart of the lease signed by the defendant, nor that any notice had been given to him to produce it. The defendant objected to this evidence " on the ground that the lease was the instrument under which the defendant had occupied and paid rent, if at all ; that it was not invalid for the cause stated; or, if it was, it appeared by the plaintiff's own claim that the parties had acted under it as the evidence of their contract, and that the plaintiff could not in this way avoid the introduction of the lease."

The judge ruled, " that, it having been claimed and admitted by the plaintiff that the defendant occupied and paid rent under an instrument in writing, the nature of his occupation and the terms of payment of rent, and the circumstances which gave the plaintiff a right to expel the defendant and recover the possession, could not thus be proved by parol to enable the plaintiff to recover, without the introduction of said instrument or lease." The plaintiff thereupon submitted to a verdict for the defendant, and alleged exceptions.

*A. P. Bonney*, for the plaintiff. The reason of the general rule, that an instrument executed in the presence of an attesting witness cannot be proved without calling the witness or accounting for his absence, is that the parties are usually in some manner interested in its proof and therefore incompetent. But when wholly disinterested, as this attorney was, they are not only competent, but the best witnesses, for they are presumed to know the fact of the execution, and the circumstances attending it. *Curtis* v. *Belknap*, 21 Verm. 433. *Smith* v. *Morrow*, 7 J. J. Marsh. 442. *Hall* v. *Phelps*, 2 Johns. 451. *Jackson* v. *Britton*, 4 Wend. 507. *Falls* v. *Gaither*, 9 Port. 605. *Savage* v. *D' Wolf*, 1 Blatchf. C. C. 343. *Bowles* v. *Langworthy*, 5 T. R. 366. *Lockart* v. *Graham*, 1 Stra. 35.

The lease produced being executed by the lessor only, was not binding on either party, certainly not on the lessee. *Goodenow* v. *Dunn*, 21 Maine, 86. *Hinsdale* v. *Humphrey*, 15 Conn. 431. *Hill* v. *Roderick*, 4 W. & S. 221. The plaintiff therefore was obliged to resort to parol evidence to prove the terms of occupation and payment of rent.

If the lease could have any force as against the defendants, even with proof of its execution by the lessors, it would only be on the ground that the defendants had claimed, occupied and paid rent under it. And on proof of those facts it would be evidence against them, without proving its execution. *Roe* v. *Wilkins*, 4 Ad. & El. 86.

Admitting that a written lease, if proved, would have been the best evidence of the terms of the tenancy, no lease was proved to exist in this case. The plaintiff's allegation of its existence was met and controlled by the defendant's denial.

*B. F. Butler*, for the defendants. The plaintiff, having produced the lease as containing the terms of the defendants' holding, was bound to prove it, in order to show his right to maintain this action.

There being an attesting witness to the lease, it could be proved only by his testimony; as a fact may be known to him, which though, unknown to the party calling him, might be material to the rights of the opposite party. The testimony of the party executing the instrument is but secondary; and no excuse was shown for the absence of the witness, which is necessary to admit secondary evidence. 1 Greenl. Ev. §§ 569, 574. *Call* v. *Dunning*, 4 East, 53. *Hollenback* v. *Fleming*, 6 Hill, 306. *Glasgow* v. *Ridgeley*, 11 Missouri, 34. *Henry* v. *Bishop*, 2 Wend. 575. *The King* v. *Harringworth*, 4 M. & S. 353.

SHAW, C. J. It appears by the bill of exceptions, that the plaintiff began his case, by offering an instrument, purporting to be a contract of demise, not under seal, to which there appeared to be an attesting witness, without producing him, or proof of any excuse for his absence. If the instrument was necessary to the plaintiff's case, before he could read it, or use it for any purpose, he must prove its execution. The person whose signature appeared to it, as attorney of the supposed lessors, could not affect the rights of the defendants, who objected to it, by way of admission or confession, for he never represented, or was entrusted by the defendants for any purpose. His handwriting was secondary evidence only, and could not be proved until the plaintiff had proved that the testimony of the attesting

witness could not be obtained. The attorney therefore stood in the same position, as any other person, not a subscribing witness, who might have happened to be present, at the execution of the instrument. The evidence we think was incompetent, and rightly rejected. 1 Greenl. Ev. §§ 569, 574.

The other point seems equally plain. The plaintiff having offered and produced a written instrument, as a contract under which the defendant held, containing of course the terms, limitations and conditions of his holding, cannot, merely because he fails in his proof of its execution, deny the existence of such an instrument, and rely on parol proof of possession and the payment of rent; for the law implies no contract where the parties have made an express one; and the party, after such offer of an express contract and failure to prove it, is estopped from denying the existence of such a written contract.

*Exceptions overruled.*